325 So.2d 745 (1976)
Paul A. NEWELL et al.
v.
ZURICH INSURANCE COMPANY.
No. 10542.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
John B. Noland, Baton Rouge, for appellants.
David W. Robinson, Baton Rouge, for appellee.
Before SARTAIN, J., and BAILES and PICKETT, JJ. Pro Tem.
BAILES, Judge Pro Tem.
Plaintiff-appellant, individually and as administrator of the estate of his minor son, appeals the judgment of the district court rejecting his demands for damages for personal injuries received by his minor son and for the medical expenses incurred in the treatment of such injuries. On our finding that the judgment of the court a quo is correct, we affirm.
This tort action arose on May 27, 1971, when David M. Newell, the son, slipped and fell while a guest at the Bellemont Motor Hotel in Baton Rouge, Louisiana. On that date, Newell was on a class trip to Baton Rouge and, shortly before the 9 p. m. curfew imposed by the chaperone, received permission to leave his room to get *746 a cold drink from a vending machine. He was told to do so quickly so that he would not be out past 9 o'clock.
The cold drink machine was located in a building other than the one in which he was staying and to reach that place, it was necessary that he proceed part of the way under a covered walkway, cross an open parking lot driveway, and then again go under another covered sidewalk which lead to the machine's location.
As young Newell left his room barefooted, it was raining and windy, as it had been throughout the day. Upon reaching the open driveway, he ran across it and began to enter the covered walkway on the other side, which was wet. On the edge of the sidewalk under the overhang was an area 6 feet wide by 14½ feet long which had been covered with a non-skid substance as a demonstration area by a manufacturer's factory representative.
Newell crossed the non-skid substance and, as he came off of it and on to the plain sidewalk, his bare feet slipped on the wet walkway and he flipped over backwards, sustaining severe injury to his mouth and several of his teeth.
The plaintiff, on behalf of his minor son, asserts failure on the part of the management of the motel to take proper precautionary measures to insure the safety of users of the walkway and seeks recovery from the Zurich Insurance Company as the liability insurer of Arthur C. Lewis, Jr., doing business as the Bellemont Motor Hotel.
Citing the annotation found in 69 A.L.R.2d 1107, that court determined that the duty which an innkeeper owed to persons using exterior passageways was not that of an insurer, but was one of reasonable care to keep in a reasonably safe condition the passageways and walks which guests are expected to use. Within that context, it found no duty on the part of the innkeeper to protect patrons from windblown rainwater on an outside walkway, which the court concluded did not increase the hazard of ordinary use. That decision made unnecessary an inquiry into any contributory negligence or assumption of the risk on the part of the plaintiff's son.
As a basis for reversing the trial court's judgment, the appellant urges upon us the recent decision by our Supreme Court in Kavlich v. Kramer, La., 315 So.2d 282. Therein the court held that once it is proven that a foreign object was on the aisle of a store and that a patron had slipped and fallen because of that object, the burden of proof then shifted to the defendant to exculpate itself from a presumption of negligent conduct, which the defendant was unable to do. That case is not, however, analogous to the case at bar.
Our courts have stated, on numerous occasions, the duties imposed on owners of public places of business regarding the safety of their premises. Representative of those statements is that found in Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636 (1967), in which the Supreme Court said:
"* * * `An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.' Alexander v. General Accident Fire and Life Assurance Corp., La.App., 98 So.2d 730. `The owner, occupant, or person in charge of property owes to an invitee * * * the duty of exercising reasonable or ordinary care for his safety and is liable for injury resulting from breach of such duty. This duty includes that of exercising reasonable care to keep the premises in a reasonably safe and suitable condition or of warning invitees *747 * * * of hidden or concealed perils of which he knows or should know in the exercise of reasonable care, so that those whom he has invited to enter upon or use his property shall not be unnecessarily or unreasonably exposed to danger. * * *' Savell v. Foster, La.App., 149 So.2d 210." (Emphasis supplied)
The rules set out in Kavlich, supra, had to do with the liability of storeowners to keep their aisles free from dangerous foreign matter and dealt specifically with a mishap caused by a piece of banana which caused the plaintiff to fall in the aisle of a convenience-type grocery store. The peril to the plaintiff there, however, is quite distinct from that found in this case.
In Kavlich, the court related, at length, the factors which attract a store patron's eyes to the various displays at hand and away from the aisle on which they are walking, thus making such a customer unwary of foreign material in their path.
Here, however, the record indicates that anyone in Baton Rouge on the day of this accident would have been aware of the prevailing wind and rain. Unlike Kavlich, this is a readily observable circumstance which makes its presence known. A user of outside walkways is presumed to see what he should have seen and certainly the presence of water on the streets and sidewalks is obvious. As noted in Foggin, supra, the property owner is only charged with the responsibility of warning invitees of hidden or concealed perils of which he knows or should know. Those present agree that the water on the sidewalk where young Newell fell caused the area to be slippery. To conclude, however, that a landlord is under a duty to keep all of his outside walkways free from rainwater would impose an impossible burden. We hold, therefore, that where it is proven that an invitee falls in rainwater on an outside walkway, that a presumption of negligence on the part of the landowner does not exist. Further, we find no proof in this record of negligence on the part of the innkeeper. There is no evidence that the demonstration area which had been covered with an abrasive material had any causal relation with this accident. To the contrary, it seems that this unfortunate incident was only the result of David Newell's voluntary actions.
No discussion of the assumption of this risk on the part of David Newell is necessary. Clearly, however, one who runs on a wet sidewalk with bare feet assumes a known and well-understood danger. Pagitt Well Service, Inc. v. Sam Broussard, Inc., La.App., 293 So.2d 631 (3rd Cir. 1974). Such conduct on the part of plaintiff's son would work to bar his recovery should any negligence have been found on the part of the innkeeper.
For the foregoing reasons the judgment appealed is affirmed at appellant's cost.
Affirmed.