|2GOTHARD, Judge.
In this slip and fall case, plaintiff appeals the trial court’s judgment, which found in favor of defendant and dismissed plaintiffs suit. For the following reasons, we affirm.
FACTS
On November 7, 1991, plaintiff, Regina Pevey, while shopping in defendant’s Wal-Mart store in Harvey, Louisiana, slipped and fell in the snack bar area of the store, apparently sustaining minor injuries to her knee and chest. On March 9, 1992, plaintiff filed suit against defendant in Second Parish Court for the Parish of Jefferson, State of Louisiana, alleging negligence in the maintenance of defendant’s floor, and damages suffered as a result of plaintiffs fall.
A trial on the merits was held on October 26, 1993, and on January 14, 1994, judgment was rendered in favor of defendant and against plaintiff, dismissing her |3suit. Thereafter, plaintiff filed this appeal, asserting that the trial court erred in finding that plaintiff failed to carry her burden of proof at trial.
ANALYSIS
The statute applicable to the situation before us is LSA-R.S. 9:2800.6, which governs the liability of merchants for slips and falls by customers on store premises. Since the accident occurred after September 1, 1990, we apply the most recent amendment of R.S. 9:2800.6, which provides:
Sec. 2800.6. Burden of proof in claims against merchants
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
*739 (2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2822 or 2695.
In order to establish a prima facie case in a slip and fall lawsuit, the plaintiff must show that she slipped, fell, and was injured because of a foreign substance |4on the defendant’s premises. Reynolds v. St. Francis Medical Center, 597 So.2d 1121, 1122 (La.App. 2d Cir.1992). Whether a plaintiffs fall was caused by a foreign substance is a question of fact which should not be disturbed on appeal in the absence of manifest error. Id., citing Marshall v. A & P Food Company of Tallulah, 587 So.2d 103 (La.App. 2d Cir.1991); Estes v. Kroger Company, 556 So.2d 240 (La.App. 2d Cir.1990), writ denied, 559 So.2d 1360 (La.1990).
In the present case, at the trial on the merits the plaintiff failed to prove the element of causation. Plaintiff testified that on the date of the accident, she was in the snack bar area of the Wal-Mart store and had purchased two drinks. After paying for the drinks at the cash register, she turned, began to walk, and then slipped and fell forward, spilling at least one of her drinks. Two or three employees of Wal-Mart came to her assistance, and it was then that plaintiff noticed something “dark and sticky looking on the floor.” On cross examination, the plaintiff identified a drawing she had previously made of the size of the dark substance which she felt that she had slipped in. It was approximately six to eight inches in diameter.
Four witnesses, all employees of Wal-Mart, who were present in the snack bar on the day of this accident, and who assisted Ms. Pevey after she fell, also testified at trial. Ralph Barr, an assistant manager who had transferred to an out-of-state Wal-Mart store at the time of trial, testified via deposition. He testified that he had just sat down to eat his lunch in the snack bar when he heard Ms. Pevey fall. He immediately went to her aid, and thereafter filled out an accident report. He testified that there was a small spot of clear liquid on the floor, possibly spilled ice which had melted, in which he felt Ms. Pevey may have slipped. He also testified that he travelled the same path through the snack line |5as Ms. Pevey only a few minutes earlier and did not see any foreign substance on the floor where she fell.
Kevin Villemarette, another Wal-Mart employee, who was eating lunch with Mr. Barr at the time of the accident, also testified at trial. He too heard Ms. Pevey fall and went with Mr. Barr to her assistance. Mr. Ville-marette testified that he was the maintenance supervisor at the time of the accident and had been in the snack bar about ten to fifteen minutes prior to Ms. Pevey’s fall. He further testified that he viewed an employee under his supervision, Roland Andres, perform a “safety sweep”[1] of the snack bar area about five to ten minutes prior to Ms. Pe-vey’s fall. While in a deposition he gave prior to trial, Mr. Villemarette testified that he did not think Ms. Pevey’s drink spilled onto the floor, he testified at trial that the only liquid he saw on the floor came from one of the drinks Ms. Pevey was carrying at the time of her fall. In any event, Mr. Villemar-ette testified that he saw no dark, sticky substance on the floor prior to or subsequent to Ms. Pevey’s fall.
Another employee/witness who testified at trial was Eddy Ferguson, who was a department manager at Wal-Mart and who also was eating lunch in the snack bar at the time of the accident. Mr. Ferguson also went to Ms. Pevey’s assistance after she fell and helped clean up her spilled drink. Mr. Ferguson testified that he did not see any other substance on the floor other than the drink that Ms. Pevey spilled when she fell. Mr. Ferguson further testified that the floor where Ms. Pevey fell was made of white tile and he did not notice any dark, sticky substance on the floor at any time.
*740 |6The final witness to testify at trial was Mary Gonzales, who was the department manager of the snack bar and who was working the cash register when Ms. Pevey fell. Ms. Gonzales testified that Ms. Pevey paid for her two drinks, turned to exit and fell. Ms. Gonzales, who had a clear view of the location where Ms. Pevey fell, could, not explain why Ms. Pevey fell and did not see any foreign substance on the floor prior to Ms. Pevey’s fall. Ms. Gonzales further testified that Ms. Pevey’s “Coke ... splashed all over” when Ms. Pevey fell.
A reviewing court is precluded from setting aside the trial court’s findings of fact, absent a conclusion that the trial court committed manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where there is conflicting testimony, reasonable inferences of fact should not be disturbed, even when the appellate court may feel its own evaluations and inferences are as reasonable as the trial court’s. Rosell v. ESCO, 549 So.2d 840 (La.1989). “Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id., at 844.
After reviewing the record in its entirety, we cannot say that the trial court was manifestly erroneous in finding in favor of the defendant. Ms. Pevey’s testimony that she saw a dark, sticky substance on the floor after her fall directly contradicts the testimony of the other four witnesses who testified at trial, none of whom saw this substance. Moreover, it is reasonable to believe that if, in fact, there was a substance on the floor, then, as the trial court observed, it could have come from one of the drinks Ms. Pevey was carrying when she fell. For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.

. Testimony at trial revealed that Wal-Mart assigns one employee to continually walk the various areas of the store during his shift looking for spills or other potentially hazardous conditions. On the day in question, Mr. Andres was assigned to perform these duties.