**Phyllis GROOM and Steve Groom, Plaintiffs–Appellants,**

v.

**DAYS INN OF AMERICA, INC., Defendant–Appellee.**

No. 91–2259.

United States Court of Appeals, Seventh Circuit.

Submitted April 18, 1995 *.

Decided Aug. 8, 1995.

* Upon joint motion of the parties, oral argument    in this appeal was vacated.

C. Steve Ferguson (submitted), Heller, Holmes & Associates, Mattoon, IL, for plaintiffs-appellants.

John A. Ess, Heyl, Royster, Voelker & Allen, Edwardsville, IL, Karen L. Kendall, Heyl, Royster, Voelker & Allen, Peoria, IL, for defendant-appellee.

Before BAUER and RIPPLE, Circuit Judges, and REYNOLDS, District Judge.**

** Hon. John W. Reynolds of the Eastern District of Wisconsin, sitting by designation.

REYNOLDS, District Judge.

In May 1989, plaintiffs Phyllis and Steve Groom ("Grooms") filed a diversity action for negligence and loss of consortium against Days Inn of America ("Days Inn"), in the Southern District of Illinois. The Grooms sought damages for injuries sustained when Phyllis slipped and fell while walking down a Days Inn outside stairwell. A jury returned a verdict for Days Inn. In April 1991, the trial court denied the Grooms' post-trial motion for judgment notwithstanding the verdict or a new trial, and the Grooms appealed.[1] We affirm.

## I. Proceedings Below

### A. Evidence Presented at Trial

Phyllis and Steve Groom, of Illinois, were visiting New Orleans in October 1987, and were guests at the Days Inn hotel on Canal Street. In the morning of October 15, 1987, Phyllis Groom slipped in a Days Inn outdoor stairwell that she was descending to reach the parking lot. After slipping, she slid down the concrete stairwell on her buttocks and back, and she injured her back, legs, hips, arms, and shoulder blades. Her medical bills at the time of trial totaled $8,324.97, but her doctor testified that she would probably need back surgery someday that would cost approximately $35,000, including the cost of hospitalization.

The Grooms claim that Phyllis slipped and fell as a result of water that had accumulated on the stairs. Phyllis testified at trial that when she came to rest on the landing after sliding down the stairwell, the landing and much of her body were wet. Because the Grooms had not observed any rainfall in New Orleans during their two-day visit, they argue that the water must have fallen onto the stairwell when the Days Inn maintenance personnel hosed down a nearby parking lot that morning. The Grooms maintain that they used the stairwell numerous times during the preceding two days, and that the stairs were dry. Phyllis further argues that

her footwear was not to blame, as she was wearing new Reebok jogging shoes.

There is no direct evidence in the record to support or reject plaintiffs' argument that the parking lot was hosed down the morning of the accident. But Days Inn maintained at trial that the stairwell and handrail were in good working order when Phyllis Groom slipped and fell, and that visibility was good.

Moreover, Days Inn presented evidence that Phyllis Groom had a history of back problems dating back to 1978, including degeneration of the lumbar disc, a slipped disc, and scoliosis (curvature of the lumbar spine). In 1981, she had back surgery (a partial laminectomy). In 1984, she was hospitalized with chronic lower back pain after falling out of a boat, and she was placed in pelvic traction. Also in 1984, she sought medical help after twisting her back lifting wood. And in 1985, she was hospitalized for 5 days after hurting her back while shoveling dirt.

Despite these previous back problems, Phyllis testified at trial that she had been able to perform many activities that she was either no longer able to perform, or able to perform only with great difficulty, after the October 1987 accident. Such activities included lawnmowing and yardwork, housecleaning, carrying groceries, jogging, bowling, dancing, and making love.

### B. Post–Trial Proceedings

The Grooms unsuccessfully moved the court for a directed verdict during trial, and, after the jury found for Days Inn, they filed a motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. The trial judge denied that motion as well, and the Grooms appealed.

## II. Analysis

The Grooms' appeal consists of three parts. First, they argue that the trial court erred in denying their motion for a directed verdict at the close of the evidence and in denying their post-trial motion for judgment notwithstanding the verdict, or, in the alter-

1. Plaintiffs' appeal was held in abeyance for several years pending disposition of bankruptcy proceedings involving Days Inn.

native, for a new trial. Second, plaintiffs contend that the trial court erred in sustaining defendant's hearsay objection to Phyllis Groom's statement about what Dr. Terry Noonan told her about nerve block injections. And third, plaintiffs maintain they were prejudiced and denied a fair trial as a result of defendant's reference during closing arguments to the rate of return on damages, which was objected to and sustained.

## A. Denial of Plaintiffs' Motions

■ In diversity cases, federal law determines when a party deserves judgment as a matter of law, whether pre-trial, mid-trial, post-trial, or on appeal. *Mayer v. Gary Partners and Co., Ltd.,* 29 F.3d 330, 335 (7th Cir.1994). The court must affirm the verdict as long as there is sufficient evidence for a reasonable jury to have found for the defendant. *Continental Casualty Co. v. Howard,* 775 F.2d 876, 879 (7th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1641, 90 L.Ed.2d 186 (1986).

■ In order to prove a *prima facie* case, the plaintiff must show that she slipped, fell, and was injured because of a foreign substance on the defendant's premises. *Reynolds v. St. Francis Medical Ctr.,* 597 So.2d 1121, 1122 (La.App. 2d Cir.1992). Louisiana case law has established a two-part burden-shifting test in slip and fall matters. The plaintiff must prove, by a preponderance of the evidence: (1) the existence of a "foreign substance," and (2) that the foreign substance proximately caused her injury. The establishment of a successful *prima facie* case creates a presumption of negligence, and the burden then shifts to the defendant to exculpate itself from that presumption. *Id.* If the jury concludes that a plaintiff's injuries were not caused by the slip-and-fall accident at issue, the presumption of negligence never attaches, and the plaintiff's case fails. *Bishop v. Jack Eckerd Corp.,* 638 So.2d 280, 283 (La.App. 5th Cir.), *writ denied,* 642 So.2d 198 (1994).

■ In assessing the evidence, the jury is the ultimate judge of credibility and is free to accept or reject any testimony it does not find credible. *Id.* In the present case, the jury found that Phyllis Groom failed to carry her *prima facie* burden of proof. Because the evidence in this case does not overwhelmingly favor either side, this court cannot conclude that no reasonable jury could have reached the verdict that it did.

A reasonable jury could have concluded that the Grooms failed to prove the existence of a foreign substance, which is a question of fact. *Pevey v. Wal–Mart Stores, Inc.,* 645 So.2d 737, 739 (La.App. 5th Cir.1994). The Grooms contend that the outdoor stairwell was wet and that Phyllis's back, neck, legs, buttocks, and hair were wet after she slipped, fell, and came to rest on the landing of the stairwell. They argue that because it had not rained in New Orleans in at least two days, the water must have fallen onto the stairwell when the top level parking deck was hosed down. The jury, however, apparently did not accept this theory. First, there was no direct evidence that the parking lot had been hosed down that day or even recently. Second, there could have been water on the landing of the stairwell but not on the individual stairs. And even if there was water or moisture on the stairs, it might have been from rain that had fallen before the Grooms arrived in New Orleans. A Louisiana court has ruled that where an invitee falls in rainwater on an outside walkway, a presumption of negligence does not exist because such a duty would impose an impossible burden on landlords. *Newell v. Zurich Ins. Co.,* 325 So.2d 745, 747 (La.App. 1st Cir.1976).

Moreover, even if the jury believed that a foreign substance (water) existed on the stairwell, it still could have reasonably concluded that the water did not cause Phyllis Groom's injury. The evidence indicates that Phyllis Groom had a long history of back problems, prior to her accident at the Days Inn hotel, including degeneration of the lumbar disc, a slipped disc, and scoliosis (curvature of the lumbar spine). She had back surgery in 1981. In 1984, she was hospitalized with chronic lower back pain and placed in pelvic traction after falling out of a boat, and she was hospitalized for 5 days in 1985 after hurting her back while shoveling dirt. The jury could have reasonably concluded that falling down the Days Inn stairwell did not cause Phyllis Groom's back problems or

that she would have incurred subsequent back problems regardless. In a recent Louisiana slip and fall case, the state appellate court ruled that the trial court was entitled to conclude that the plaintiff's preexisting degenerative condition contributed to her accident and injury. *Reeves v. United States Fidelity & Guar. Co.*, 614 So.2d 857, 861 (La.App. 2d Cir.), *writ denied*, 618 So.2d 414 (1993). On that basis, the *Reeves* court affirmed the trial court's decision for the defendant.

As to the trial court's denial of plaintiffs' alternative request for a new trial, federal law governs the review of such requests, and the Seventh Circuit reviews such appeals on an abuse of discretion standard. *Ross v. Black & Decker, Inc.*, 977 F.2d at 1182. A new trial shall be granted only if the jury's verdict is against the clear weight of the evidence. *Id.*

The Grooms argue they are entitled to a new trial because the defendant failed to rebut the presumption of negligence or to establish contributory negligence on the part of Phyllis Groom. Because Louisiana case law requires plaintiffs to establish a *prima facie* case prior to assessing a defendant's negligence or a plaintiff's contributory negligence and because the Grooms failed to meet their *prima facie* case burden, the trial court did not abuse its discretion in denying plaintiffs' alternative motion for a new trial.

## B. Sustaining Hearsay Objection

Evidentiary rulings regarding the state-of-mind exception to the hearsay rule are reviewed for an abuse of discretion. *United States v. Carter*, 910 F.2d 1524, 1530 (7th Cir.1990), *cert. denied*, 499 U.S. 978, 111 S.Ct. 1628, 113 L.Ed.2d 724 (1991). Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R.Evid. 801(c).

The Grooms contend that the trial court abused its discretion in sustaining the defendant's hearsay objection to their attempt to introduce testimony of what Phyllis's doctor, Dr. Terry Noonan, told Phyllis about whether or not she should undergo nerve block injections. Phyllis attempted to discuss Dr. Noonan's opinion at trial in the context of testifying as to why she decided to forego nerve block injections, which might have provided Phyllis with relief from her pain. (Tr. at 222–23.)

A jury verdict will stand if the trial court's evidentiary ruling was harmless error. *Hanson*, 994 F.2d at 407. A harmful error results only if the error had a "substantial and injurious effect or influence" on the jury's verdict. *Id.* Assuming without deciding that the trial court did abuse his discretion, the error was harmless, since Phyllis's decision to forego nerve block injections went to the issue of damages, not liability.

## C. Prejudice from Closing Arguments

Plaintiffs contend that defendant's reference during closing arguments to the rate of return on a jury award (if invested at 10% interest for the rest of Phyllis Groom's life expectancy) resulted in prejudice to the plaintiffs and denial of a fair trial. At the time the argument was made, plaintiffs objected to the reference, and the trial judge *sustained* their objection.

Improper statements in closing arguments warrant reversal only if they influenced the jury in such a way that substantial prejudice resulted to the opposing party. *Arcor, Inc. v. Textron, Inc.*, 960 F.2d 710, 713 (7th Cir.1992). The remarks of defendant's counsel regarding the rate of return did not result in substantial prejudice to the plaintiffs because the remarks were objected to and sustained and because the remarks went to the issue of damages rather than liability. Since the jury did not even reach the question of damages, the Grooms were not prejudiced by counsel's remarks.

## III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.