hLOBRANO, Judge.
In this slip and fall ease, plaintiff, Betty Encalade, and defendant, Schwegmann Brothers Giant Supermarkets, were each found 50% at fault by the trial judge for an accident which occurred in the defendant’s store on Old Gentilly Road on June 18, 1991. Plaintiff was awarded damages totalling $10,-518.30 which were reduced by the 50% of fault attributable to her. Defendant and plaintiff both appeal the trial court judgment.
The defendant argues that the trial judge committed manifest error in determining that plaintiff had satisfied her burden of proof under La.R.S. 9:2800.6, in failing to assess a greater degree of comparative negligence to plaintiff and in awarding excessive damages. Plaintiff argues that she should not have been found comparatively negligent for the accident and that the damages awarded to her are inadequate.
On June 18,1991, plaintiff was shopping at the Sehwegmann’s grocery store on Old Gen-tilly Road with her mother and two daughters. According to her testimony, she was walking down an aisle by herself to meet her mother and one of her daughters when she slipped and fell landing on her buttocks. As she was falling, she tried to regain her balance by grabbing a shelf. RWhen she did this, she knocked down and broke a jar of cherries which resulted in broken glass, cherries and cherry juice on the floor around her. Plaintiff admitted that the jar of cherries was not on the floor when she slipped but, rather, was knocked off the shelf by her as she was falling.
At some point after the accident, the plaintiff noticed a whitish substance on the back of her skirt which she did not recognize. Plaintiff testified that after she fell to the floor, she looked and did not see anything around her or underneath her which would have caused her to fall. Several other people testified, including plaintiffs daughter and three of defendant’s employees including, one who witnessed the fall. None of the witnesses saw any foreign substance on the floor where plaintiff fell other than the cherries, juice and broken glass from the jar of cherries which plaintiff admittedly knocked off of the shelf after she started slipping.
Plaintiff filed suit against the defendant alleging that a foreign substance on the floor of defendant’s store caused her to slip and fall. After trial, the trial judge rendered judgment in favor of plaintiff and against defendant, but also found plaintiff 50% comparatively negligent in this accident. In his reasons for judgment, the judge noted that plaintiff was walking down the aisle looking toward the other end where her mother and daughter were standing. He also noted that plaintiff was not pushing a shopping cart or looking for items on the shelves as she walked down the aisle of the store. The judge cited the case of Manieri v. National Tea Co., 573 So.2d 1268 (La.App. 4th Cir.1991), in finding liability on behalf of the defendant and assessing 50% fault to the plaintiff for failure to keep a proper lookout.
|3In its first assignment of error, the defendant argues that the trial judge erred in determining that plaintiff had satisfied her burden of proof pursuant to La.R.S. 9:2800.6. We initially note that the trial judge’s reliance on Manieri v. National Tea Co., supra, was misplaced. The Manieri case was tried on November 14, 1989. The controlling statute for that case was the 1988 amended version of R.S. 9:2800.6 which was applicable to all cases tried on or after July 18, 1988. R.S. 9:2800.6 was amended again in 1990, effective on September 1, 1990, and is applicable to causes of action arising on or after that effective date. The amended version of *142 R.S. 9:2800.6 applies in the instant case. However, under both the 1988 and 1990 amended versions of R.S. 9:2800.6, plaintiff has the burden of proving that the accident was caused by a hazardous condition on the merchant’s premises.
R.S. 9:2800.6, as amended in 1990, provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
[4C. Definitions:
(1) “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.
In Pevey v. Wal-Mart Stores, Inc., 94-280 (La.App. 5th Cir. 10/12/94), 645 So.2d 737, which involved the 1990 amended version of R.S. 9:2800.6, the Court stated:
In order to establish a prima facie case in a slip and fall lawsuit, the plaintiff must show that she slipped, fell, and was injured because of a foreign substance on the defendant’s premises. Reynolds v. St. Francis Medical Center, 597 So.2d 1121, 1122 (La.App. 2d Cir.1992). Whether a plaintiffs fall was caused by a foreign substance is a question of fact which should not be disturbed on appeal in the absence of manifest error. Id., citing Marshall v. A & P. Food Company of Tallulah, 587 So.2d 103 (La.App. 2d Cir.1991); Estes v. Kroger Company, 556 So.2d 240 (La.App. 2d Cir.1990), writ denied, 559 So.2d 1360 (La. 1990).
In Stobart v. State Through DOTD, 617 So.2d 880 (La.1993), the Louisiana Supreme Court discussed the manifest error rale of appellate review and declared that “where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id. at 883. However, in Ambrose v. New Orleans Police Dept. Ambulance Service, 93-3099, 3110, 3112 (La. 7/5/94), 639 So.2d 216, the Court explained that although deference to the factfinder should be accorded, the reviewing courts still have a constitutional duty to review facts and determine “whether the trial court verdict | swas clearly wrong based on the evidence, or clearly without evidentiary support.” Id. at 221.
After reviewing the evidence in the record, including testimony at trial and deposition testimony introduced into evidence, we conclude that the plaintiff failed to satisfy her burden of proof under R.S. 9:2800.6. Specifically, we find that plaintiff did not prove the existence of a foreign substance or hazardous condition on the floor of the defendant’s grocery store which caused her to slip and fall. Our conclusion does not involve a credibility determination because no one, including plaintiff, testified as to any substance on the area of the floor where plaintiff fell, other than the contents of the broken jar of cherries which plaintiff admits were not on the *143 floor when she slipped.[1] We hold that the trial judge was clearly wrong in finding the defendant liable for plaintiffs accident.
Plaintiff testified that she did not see anything on the floor before or after the accident which would have caused her to slip,' but simply stated that “whatever it was” must have been close to the shelves. Even though she noticed a whitish substance on the back of her skirt after the accident there is no evidence that the substance was on the floor or caused the fall.
Plaintiffs daughter did not witness the accident but was in the store at the time and came to her mother’s aid shortly thereafter. She testified that she did not see any substance on the floor other that the broken glass from the jar of cherries and its contents.
16Stacia Matthews, a Sehwegmann’s loss prevention clerk, testified that she cleaned the aisle where the accident occurred at 12:33 p.m. on June 18, 1991. The accident occurred at 12:55 p.m. Matthews testified that she cleaned up the cherries, juice and glass after plaintiffs fall. She examined the floor to determine what might have caused plaintiff to fall but she did not see anything other than the items connected with the broken jar of cherries.
Luis Garcia, a Schwegmann’s employee, testified by deposition that he was walking behind plaintiff and witnessed her fall. He corroborated plaintiffs testimony that she grabbed onto a shelf when she slipped and knocked down a jar of cherries. Garcia confirmed that plaintiff fell before she hit the cherry bottle and, therefore, her fall was not caused by the contents of the jar of cherries. Garcia stated that he looked to the floor as plaintiff was falling to prevent himself from slipping if there was something on the floor but he saw nothing on the floor.
Willie Newman, Jr. a Schwegmann’s loss prevention officer, testified by deposition that he went to the area where plaintiff fell right after the accident. Plaintiff told him she slipped on somethmg on the floor but all he saw on the floor was cherries, cherry juice and broken glass from the jar knocked down after plaintiff began to slip. He examined the floor and did not see anything else on the floor. Newman stated that he did not see any white substance on the floor where plaintiff fell or on plaintiffs shoes or clothing.
Because no evidence was presented to establish the existence of a foreign substance or hazardous condition, we find that plaintiff failed to carry her burden of proof. The mere fact that plaintiff slipped does not establish that a foreign substance or hazardous condition caused her fall. The origins of the white substance on the back of plaintiffs skirt are unknown and the substance was not |7connected to the scene of plaintiffs accident. Because the element of causation was not proven, the trial judge erred in finding the defendant liable in this case.
Accordingly, we reverse the trial court judgment and render judgment in favor of the defendant, dismissing plaintiffs suit at her costs.
REVERSED AND RENDERED.

. During oral argument, plaintiff relied on the recent Supreme Court case of Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La. 5/22/95), 655 So.2d 309. However, that case is not applicable because in Welch there was evidence of a liquid substance, presumably cooking oil, on the floor. In the instant case there is no evidence of any foreign substance on the floor which could have caused plaintiff to fall.