WHIPPLE, Judge.
This case involves a slip and fall accident in which plaintiff, Roger Bruno, claims he was injured by slipping in water on the premises of defendant, Albertson’s, Inc. From a judgment in favor of defendant, dismissing plaintiffs claim, plaintiff appeals. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
At approximately 1:43 p.m., on the rainy afternoon of January 27, 1994, plaintiff and his twenty-one year old nephew, Neal, walked approximately two blocks to the Al-bertson’s store located in the Hammond Aire shopping center in Baton Rouge, Louisiana. It was drizzling when they walked to the store, and it had rained heavily earlier that day. Thus, there was rainwater accumulated on the • ground. Plaintiff and his nephew shared one umbrella, which was being held by the nephew.
Upon arriving at the store, plaintiff walked through the entrance, turned to the left and proceeded into the store to begin shopping. Plaintiff testified that after taking fifteen to twenty steps into the store, he slipped and fell on a wet spot. Plaintiff acknowledged that he did not see any water on the floor. However, he claimed that whén he got up after falling, both his hand and his pants in the area of his “back side” were wet. The only apparent witness to the fall was plaintiff’s nephew, who did not testify at trial.
*848 Plaintiff then proceeded to the courtesy booth, where he reported the incident to Joann Watkins. The drug manager, Ruth Poole, was called to the courtesy booth in response to plaintiffs report of having fallen. Poole testified that plaintiff related to her that he had fallen inside the store and that plaintiff then accompanied her to the area where he had fallen to point out the exact location ofjjjhis fall.[1] Poole examined the area of plaintiffs fall, and she knelt down on the floor to feel for any moisture on the floor. She testified that there was no water or moisture on the floor at the site of plaintiffs fall. Poole also testified that there were mats placed by the store entrance as well as a warning cone to caution customers about the potential of water on the floor due to the rainy weather conditions.
As a result of the fall, plaintiff sustained a fairly serious injury to his right wrist. On May 16, 1994, he filed suit against defendant to recover damages sustained as a result of the fall. Trial was held on June 6, 1996, and on June 10, 1996, the trial court rendered oral reasons for judgment, finding plaintiff had failed to prove that a condition existed on the premises that presented an unreasonable risk of harm. The trial court also found plaintiff failed to prove that the merchant created or had actual or constructive notice of any water on the floor. In accordance with these findings, the trial court signed a judgment on June 11, 1996, dismissing plaintiffs suit against defendant with prejudice.
From this judgment, plaintiff appeals, averring that: (1) the trial court committed manifest error in finding that plaintiff had failed to prove that rainwater existed on the premises at Albertson’s; (2) the trial court erred in determining that defendant neither created nor had actual or constructive notice of the rainwater which caused plaintiff to slip; and (3) the trial court should have found that defendant had failed to exercise reasonable care.
DISCUSSION
A merchant owes a duty to its patrons to maintain its floors and passageways in a reasonably safe condition. LSA-R.S. 9:2800.6. If this duty is breached and a 14patron sustains any harm due to a condition existing in or on the merchant’s premises, the merchant is subject to a negligence claim under LSA-R.S. 9:2800.6(B). To maintain a negligence suit against a merchant, the plaintiff must prove that: (1) the condition which caused the injury created a foreseeable and unreasonable risk of harm; (2) the merchant had actual or constructive notice that the condition existed for a period of time prior to the accident; and (3) the merchant failed to exercise reasonable care. LSA-R.S. 9:2800.6(B).
In White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La.9/9/97); 699 So.2d 1081, 1084, the Supreme Court held that LSA-R.S. 9:2800.6, as amended in 1990, and in effect at the time of the instant accident, clearly and unambiguously requires that, in addition to all other elements of his cause of action, a plaintiff must also prove each of the enumerated requirements of Section (B). Thus, the plaintiff must make a positive showing of the existence of the condition prior to the fall. White, 97-0393 at p. 4; 699 So.2d at 1084.
In the instant case, the trial court concluded that plaintiff failed to prove the first essential element of his claim, i.e., that a condition existed in or on the premises that presented an unreasonable risk of harm, a finding which plaintiff challenges in his first assignment of error. Whether the plaintiffs fall was caused by a foreign substance is a question of fact which should not be disturbed on appeal in the absence of manifest error. Encalade v. Schwegmann Giant Supermarkets, Inc., 95-0655, p. 4 (La.App. 4th Cir. 9/28/95); 662 So.2d 140, 142; Pevey v. Wal-Mart Stores, Inc., 94-280, p. 4 (La.App. 5th Cir. 10/12/94); 645 So.2d 737, 739. Based on our review of the record, we find no manifest error in the trial court’s finding.
As noted by the trial court in its reasons for judgment, plaintiff himself testified that he did not see any water on the floor where he fell. Although he testified that his hand and backside were wet when he arose from *849 the fall, the | ¡¿record reflects that plaintiff had walked two blocks to the store in the drizzling rain, while sharing an umbrella with his nephew, which could have accounted for the wetness he discovered on himself. Additionally, shortly after the fall, the store manager carefully examined the area of plaintiffs fall, actually kneeling on the floor to feel for any wetness, and she discovered no water or moisture on the floor.
Thus, the record before us is absent of any evidence as to the actual existence of water on the floor prior to plaintiffs fall. As noted by the Supreme Court in White, plaintiff must make a positive showing of the existence of the condition prior to the fall. The defendant merchant need not come forward with positive evidence of the absence of the spill. Rather, in the absence of evidence of an element of plaintiffs claim, plaintiff falls short of carrying his burden of proof, and such absence of evidence is fatal to plaintiffs cause of action. White, 97-0393 at p. 7; 699 So.2d at 1086.
Based upon the lack of evidence of record on this element of plaintiffs cause of action, and in light of the Supreme Court’s pronouncements in White, we cannot conclude that the trial court was manifestly erroneous in finding that plaintiff had failed to prove the existence of a condition in or on the premises which presented an unreasonable risk of harm. Because we find no error in this finding by the trial court, we pretermit discussion of plaintiffs remaining two assignments of error relating to the second and third requirements of LSA-R.S. 9:2800.6(B).
CONCLUSION
For the above and foregoing reasons, the June 11, 1996 judgment of the trial court is affirmed. Costs of this, appeal are assessed against plaintiff, Roger Bruno.
AFFIRMED.

. Plaintiff testified that he did not actually accompany Poole to the location of his fall. However, Watkins testified that she witnessed plaintiff accompany Poole to the site of the fall.